UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DOUGLAS T. CUMMINGS,

                         Petitioner,

                                                  DECISION AND ORDER

                                                  03-CV-6632L

             v.

JOHN BURGE,

                         Respondent.
_____

      Petitioner filed a petition for a writ of habeas corpus from a judgment entered against him in Wyoming County Court. The petitioner, Douglas T. Cummings ("Cummings"), was convicted after trial of rape in the first degree and was sentenced to a term of 10 ½ years imprisonment.

      This Court referred the petition to United States Magistrate Judge Victor E. Bianchini, pursuant to 28 U.S.C. § 636(b). Pursuant to the order, Magistrate Judge Bianchini issued a thorough Report and Recommendation (Dkt. #39) recommending that the Court deny Cummings' petition.

      Cummings, now proceeding *pro se,* duly filed objections to the Magistrate Judge Bianchini's Report and Recommendation. I have reviewed the Magistrate Judge's Report and Recommendation, the objections filed by Cummings, and the record, and I accept and adopt the Report and Recommendation, in all respects. I see no reason to modify that Report and Recommendation and, therefore, Cummings' petition for habeas corpus relief is denied.

Magistrate Judge Bianchini discussed at length the pretrial proceedings, the trial and post-trial proceedings in his very thorough, 30-page Report and Recommendation. He sets out with great precision the relevant facts and rulings, and there is no need for me to repeat what he has set forth.

Magistrate Judge Bianchini considered all the claims raised, including claims of grand jury impropriety, lack of a speedy trial, and the alleged improper restriction of cross-examination of the victim.

I agree with Magistrate Judge Bianchini that there is no constitutional error as to any of these matters. Magistrate Judge Bianchini found no error. I also agree that none of the issues raised involve a federal constitutional violation.

The limitations concerning the cross-examination of the victim under New York's Rape Shield Law was an evidentiary matter and such rulings, even if erroneous, do not implicate a federal constitutional issue.

I also agree with Magistrate Judge Bianchini that Cummings' claim that his trial counsel was ineffective is without merit. Under the standards discussed by Magistrate Judge Bianchini, there is no basis here to second guess trial counsel's strategic decisions and under the well-established standards concerning ineffective assistance, there is no basis for relief here.

Cummings also challenges his sentence under the Eighth Amendment. As Magistrate Judge Bianchini discussed, the sentence imposed was well within the statutory limits and in view of the serious nature of the offense, rape in the first degree, Cummings has no claim that the Federal Constitution was violated based on his sentence in state court.

I have considered the other matters raised by Cummings and the thorough discussion of them by Magistrate Judge Bianchini, and I find no merit to the claims and no basis to conclude that any federal constitutional violation occurred. Cummings' trial was fair. His appeal to the Appellate Division, Fourth Department was denied and his conviction affirmed. His claims were fully considered there. In addition, he filed applications for collateral relief which have also been denied.

## CONCLUSION

I accept and adopt the Report and Recommendation of United States Magistrate Judge Victor E. Bianchini in all respects. The petition of Douglas T. Cummings for a writ of habeas corpus is in all respects dismissed.

I decline to issue a certificate of appealability because Cummings has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       September 23, 2008.